**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MEDICARE TRAINING AND CONSULTING, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CAUSE NO. 05-CV-145-WDS** |
| **MARK BAIRD, individually, and GOVERNMENTAL REPORTING SERVICES, INC.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are plaintiff's motion to remand and defendants' motion to dismiss. The parties have filed responses to the motions.

**BACKGROUND**

Plaintiff, Medicare Training and Consulting, Inc. ("plaintiff"), commenced an action against defendants, Blue & Company LLC and Mark Baird in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff settled with Blue & Company LLC before trial in the state court. The court approved the settlement as a "good faith" settlement. Plaintiff then filed its amended complaint, but failed to serve the amended complaint on defendant Government Reporting Services, Inc. ("GRS") for five months. Plaintiff's amended complaint alleges damages in excess of $250,000 "as a result of the tortious acts of defendants." In addition, plaintiff alleges damages in excess of $75,000 in each of the five counts of its amended complaint, Counts I-III are directed against Mark Baird, and Counts IV and V against GRS.

Defendant GRS filed a timely petition to remove plaintiff's amended complaint pursuant

to 28 U.S.C. § 1332. The removal was accompanied by defendant Baird's consent to the removal. Two weeks after removal, plaintiff filed a sworn affidavit of its president, James E. Plonsey, which certified that the damages sought by plaintiff exceeded $50,000, but not $75,000. Plaintiff then sought remand claiming that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Defendants argue plaintiff cannot defeat diversity by reducing the amount in controversy by affidavit two weeks after removal.

Defendants have also filed a motion to dismiss for lack of diligence and want of prosecution. Defendants claim the Honorable Robert LeChien granted plaintiff thirty days from its settlement with Blue & Company LLC on June 20, 2003, to amend its complaint. Plaintiff filed the amended complaint in September 2004, and did not serve it on defendants until February 2005, more than one year after being granted leave to amend. Defendants argue that the Court should not condone such conduct. Plaintiff, on the other hand, claims Judge LeChien granted it leave to amend on September 8, 2004, the same day on which plaintiff filed its amended complaint.

## ANALYSIS

### Motion to Remand

As set forth in 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs and is between citizens of different states." Defendant removed this case from state court on diversity grounds under 28 U.S.C. § 1332. Plaintiff moves this Court to remand this case for lack of subject matter jurisdiction and claims the amount in controversy does not exceed $75,000.

The starting point in determining the amount in controversy is typically the face of the

complaint, where the plaintiff indicates the claim value in the request for relief. *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff's complaint alleged damages in excess of $250,000 "as a result of the tortious acts of defendants." In addition, plaintiff alleged damages in excess of $75,000 in each of the five counts of its amended complaint. These allegations satisfied the amount in controversy requirement for diversity jurisdiction, for the damages plaintiff alleged exceeded the $75,000 threshold. 28 U.S.C. 1332.

In the motion to remand, plaintiff contends the amount in controversy exceeds $50,000, but not $75,000. Plaintiff verified the amount in controversy by a sworn affidavit signed by Jim Plonsey, President of Medicare Training and Consulting, Inc., and filed the affidavit after defendant removed this case. Jurisdiction, however, depends on the situation at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Reductions of the amount in controversy after removal, by stipulation, by affidavit, or by amendment of the pleadings do not deprive the district court of jurisdiction. *Id*. at 292. "Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id*. at 293.

"Litigants seeking to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (emphasis added). Following *St. Paul*, therefore, plaintiff's attempt to reduce the amount in controversy via a sworn affidavit subsequent to the removal of the case cannot defeat federal diversity jurisdiction. Allowing plaintiff to follow such a "wait and see" approach to choosing a forum is unfair to defendants. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993). As the Supreme Court empha-

sized in *St. Paul*:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*St. Paul*, 303 U.S. at 294. Therefore, the very allegation of the complaint precludes remand, because the complaint shows, to a reasonable probability, that the amount in controversy exceeded $75,000 at the time of removal.

**Motion to Dismiss of Lack of Diligence and Want of Prosecution**

Defendants move this Court to dismiss this case for plaintiff's lack of diligence and want of prosecution under Fed. R. Civ. P. 41(b). The problem with the motion is that defendants are asking this court to pass judgment on procedural activities of the litigants while in state court. The lack of clarity reflected in the record makes ruling on this issue difficult. Although defendants cite prevailing Illinois case law in support or their motion, federal law governs this issue.

Defendants claim Judge LeChien granted plaintiff leave to amend within 30 day following plaintiff's settlement with Blue & Company LLC, on June 20, 2003. Plaintiff argues Judge LeChien granted it leave to amend on September 8, 2004, the same day plaintiff filed the amended complaint.

The harsh sanction of dismissal for failure to prosecute under Rule 41(b) typically arises in cases where a party demonstrates a pattern of delay tactics or contumacious behavior. However, before being dismissed, there is a requirement that notice be given to the offending party. *Rice v. City of Chicago*, 333 F.3d 780, 786-87 (7th Cir. 1993); *Pyramid Energy Ltd. v.*

*Heyl & Patterson,Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989).

Dismissals without warning are appropriate only in extreme cases, such as those in which counsel must have expected his actions (or inaction) to be answered with dismissal. *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995); *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). Such extreme cases are rare and require plaintiff's attorney both to know its dilatory conduct may result in dismissal of the action and to appreciate the imminent threat that dismissal is likely. *In re Bluestein*, 68 F.3d at 1025-26. Moreover, inactivity alone does not require dismissal under Rule 41(b). *See GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199-1200 (7th Cir. 1993) (twenty two months of inactivity did not warrant dismissal under Rule 41(b)); *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (upholding denial of Rule 41(b) in which case lay dormant for five and a half years).

A decision to dismiss for want of prosecution must take into account not only the period of inactivity, but also the particular circumstances of the case and the procedural history. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). Such a decision must also consider the frequency and magnitude of plaintiff's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit. *Ball v. City of Chicago*, 2 F.3d 752, 759-60.

Although plaintiff delayed serving its amended complaint upon defendant for six months, one missed deadline is not a pattern of dilatory conduct. *Kruger* at 214 F.3d 784, 787. The remainder of the facts and procedural history of this case fail to evidence a clear record of delay or contumacious conduct, and, therefore, do not reveal grounds for dismissal for failure to prosecute. *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998); *In re Bluestein & Co.*, 68 F.3d at 1025 (citations omitted).

**CONCLUSION**

Accordingly, plaintiff's motion to remand is **DENIED,** and defendants' motion to dismiss for want of prosecution is **DENIED** on all grounds.

**IT IS SO ORDERED.**

**DATED: August 9, 2005.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**